■ STEPHEN HOLDEN, Respondent, v. CLARENCE Y. PALITZ, Appellant, et al., Defendant.— In an action for an adjudication that appellant does not have an easement over respondent's property, the appeal is from an order and judgment (one paper) granting respondent's motion for summary judgment in favor of respondent for the relief demanded in the complaint. Order

and judgment reversed, without costs, and motion denied. It appears from the papers presented that the record title to respondent's property was formerly in one Angell, who was an officer of Graham Syndicate, a corporation which formerly owned appellant's property. It is not clear whether the corporation had any right or title to the property now owned by respondent, but it does appear that in 1925, Graham Syndicate purported to convey that property to the county of Westchester by a quitclaim deed at the same time that it conveyed other property, to which it concededly held title. At the same time, the property now owned by respondent was conveyed to the county by Angell. In those conveyances, Graham Syndicate purported to reserve a right of way over respondent's property, apparently for the purpose of providing access to Marble Avenue, a highway which has since been relocated, and Angell conveyed " Subject to any rights of the Graham Syndicate to use the premises hereby conveyed for purposes of right of way between other lands belonging to them, and Marble Avenue." Respondent's motion for summary judgment was granted on the theory that since, by reason of the relocation of Marble Avenue, the necessity for the easement no longer existed, the easement had terminated. The easement, if any was created, was not one of necessity, but was created by express reservation in the deeds to the county of Westchester. The rule ordinarily applied in a case involving an easement created by grant is that such an easement may be extinguished only by deed, by adverse possession, or by some act showing a clear intention to abandon it. (*Conabeer* v. *New York Central & Hudson Riv. R. R. Co.*, 156 N. Y. 474; *Haight* v. *Littlefield*, 147 N. Y. 338, 344; *Welsh* v. *Taylor*, 134 N. Y. 450.) If it be assumed, however, that the easement was extinguished when its purpose became ineffective (cf. *Clarke* v. *Keating*, 183 App. Div. 212), the record is not entirely clear as to the purpose for which it was created, or whether that purpose has become entirely inoperative by reason of the relocation of Marble Avenue. Whether any easement was created at all would depend on the rights which Graham Syndicate had in respondent's property. It is our opinion that these questions may be better determined after a trial and should not be determined on the record presented. Nolan, P. J., Schmidt and Murphy, JJ., concur; MacCrate and Beldock, JJ., concur in result.