Chief Judge Desmond.
There was a collision between an automobile owned by Martin Cummings and driven by Mary Cummings and an automobile driven by Bernard Dresher. The car driven by Bernard Dresher was owned by Standard Electric *107 Co., Inc., and in it Henry Dresher was a passenger. Driver Bernard Dresher and passenger Henry Dresher as coplaintiffs sued driver Mary Cummings and owner Martin Cummings in the Federal District Court for damages for personal injuries sustained by the two Dresher brothers. The issues up for determination in that Dresher v. Cummings suit included, therefore, questions as to the negligence of either or both the Dreshers and either or both of the defendants Cummings. Returning their verdict, the jury told the Federal Judge that it found in favor of the passenger Henry Dresher against defendants Cummings and found also that Mrs. Cummings was “ guilty of negligence ” and that “plaintiff” (apparently meaning driver Bernard Dresher) “was guilty” of contributory negligence to a very minor degree. The Judge, to “ complete ” the verdict, instructed the Clerk to ask the jury whether it intended a verdict of no cause of action in Bernard Dresher’s suit. The jurors replied that such was their intention. Judgment was thereupon entered in favor of Mr. and Mrs. Cummings dismissing the complaint of Bernard Dresher and the judgment was affirmed by the Federal Court of Appeals (325 F. 2d 156). At the close of these Federal court proceedings it was completely clear that the jury had found that driver Mary Cummings had been found guilty of negligence and that, therefore, she as driver and her husband as owner had to pay damages to passenger Henry Dresher. Equally clear was the Federal court jury’s finding that driver Bernard Dresher had been guilty of contributory negligence and so, notwithstanding the found negligence of driver Mary Cummings, Bernard Dresher could not recover against the defendants Cummings.
Despite this definite and unmistakable Federal court jury finding as to both drivers being at fault, driver Mary Cummings and her husband brought the present suit against driver Dresher and the corporate owner of the Dresher car. The courts below, for inscrutable reasons, held that the Federal court judgment was not determinative here. We do not understand why in a reasonable, prompt and nonrepetitibus judicial system the negligence or no of these two drivers must be decided all over again, after having once been settled after a jury trial in which all these same people were parties and all the same issues tried and decided. “ ‘ One who has had his day in court should not be *108 permitted to litigate the question anew. * * * Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues ’ ’ ’ (Israel v. Wood Dolson Co., 1 N Y 2d 116, 119; see, also, Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595).
It is unnecessary to deal with Federal Rule 13 (subd. [a]) which was not briefed by the parties or considered by either court below.
The order appealed from should be reversed, with costs in all courts, and the matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein. The certified question should be answered in the negative.