OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The stipulation of the parties dated December 10, 1974 contained the following provision: “7. Neither the execution of this Stipulation nor the performance of its terms *845 shall operate to settle, discontinue, abate or otherwise affect this action or the related action in the United States District Court or any other litigation, right to interest or other claims of any kind which may now or hereafter exist between the parties or any of them, or other persons, except that performance by plaintiffs hereunder shall constitute payment of $112,000 plus the said costs and disbursements and performance by defendant Oppenheim shall constitute a return of the escrow.” The effect of this provision, so far as presently pertinent, was to leave unsettled and otherwise unresolved the claims now advanced by appellants Gargiulo and Argento in this action.[1]
We turn then to the remaining contentions of the parties. In the first place, we conclude that the defense of claim or issue preclusion (grounded in res judicata principles) is not available in the circumstances of this case to preclude assertion of the contentions now advanced by appellants. The question of the validity of the June 20, 1973 agreement was litigated in the Federal action and thus is binding on the parties. The claim now advanced by appellants in this action, however, for restitution of the $112,000 paid in consequence of the invalid 1973 agreement,[2] was never advanced by them, as it might have been, by way of counterclaim in the Federal action.
For purposes of the disposition of this appeal we assume, without deciding, that under the procedural compulsory counterclaim rule in the Federal courts (Fed Rules Civ Pro, rule 13, subd [a] [in US Code, tit 28, Appendix]) claim and issue preclusion would extend to bar the later assertion in the present State court action of a contention which could have been raised by way of a counterclaim in the answer in the prior Federal action between the same parties (see Restatement, Judgments 2d, § 87, Comment a, Illustration 3; McDonald’s Corp. v Levine, 108 Ill App 3d 732; Horne v Woolever, 170 Ohio St 178; see, also, Cummings v Dresher, *846 18 NY2d 105, 108 [Fuld, J., concurring]; National Equip. Rental v Estherville Ford, 313 NW2d 538 [Iowa]; Ann., 22 ALR2d 621). There is an exception to the Federal compulsory counterclaim rule, however, which is applicable in this case. The Federal rule expressly excludes a claim from its operative sweep if “at the time the action was commenced the claim was the subject of another pending action” (Fed Rules Civ Pro, rule 13, subd [a], par [1]). In their original complaint in this State court action appellants sought rescission of the 1973 agreement and restitution of the Jamsut stock for which stock their later payment to respondent Licht of $112,000 was substituted. Accordingly, inasmuch as this State court action was commenced prior to the Federal action, the claim for restitution arising out of payment under the June, 1973 agree- ' ment falls outside the reach of the Federal compulsory counterclaim rule, and principles of preclusion would not operate to bar its assertion in the present action. Trial Term therefore properly permitted appellants to supplement their complaint by adding a cause of action based on unjust enrichment.
Nevertheless, we conclude that the Appellate Division correctly determined that appellants are not entitled to prevail on their claim for restitution in this action. As that court held, they “received the benefit for which they bargained and agreed to pay Licht the $112,000 which they now seek to have returned to them. Having received such a benefit, which was of great value to them, they may not obtain return of the sum paid therefor, notwithstanding the fact that the agreement between the parties giving rise to such exchange has been declared a legal nullity” (95 AD2d, at p 495).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.

. For a statement of the factual context out of which litigation between the parties arose, see the Per Curiam opinion at the Appellate Division (95 AD2d 484).

. The factual determination made by the Appellate Division — that the moneys of which appellants seek restitution were paid under the June, 1973 agreement (the Í974 stipulation having constituted merely a means to avoid the sale of the Jamsut stock and a method by which to preserve each party’s right to maintain his own action once the money then due under the 1973 agreement was paid) — comports with the weight of the evidence.