■ WLADYSLAW A. WOLSKI, Respondent, v FRANK DE LUCA et al., Appellants.—In an action, *inter alia,* for a permanent injunction, defendants appeal from so much of a judgment of the Supreme Court, Putnam County (Beisheim, J.), dated January 27, 1984, as, after a trial, granted a permanent injunction to plaintiff restraining defendants from interfering with his use of a right-of-way, and dismissed defendants' first and fourth counterclaims.

Judgment affirmed, insofar as appealed from, with costs.

The evidence presented at trial clearly indicated that defendants have engaged in a persistent course of conduct aimed at

preventing plaintiff from enjoying use of a right-of-way which exists, in part, over land owned by defendants. That conduct included, *inter alia,* the construction of a fence and gate which completely blocked any entrance to the right-of-way by motor vehicle; the digging of holes and trenches along the right-of-way; and the hampering of any attempt made by plaintiff to level off the ground beneath the right-of-way to allow safe access. On two occasions, defendants removed all of the gravel placed by plaintiff along the right-of-way to level off the road and fill in the holes created by defendants. Under the totality of the circumstances, we cannot say that nisi prius erroneously granted plaintiff's demand for a permanent injunction preventing defendants from interfering with his use of the right-of-way.

Neither do we find it error to permit plaintiff to retain the concrete ramps which he erected. In view of the repeated actions of defendants aimed at preventing plaintiff's use of the right-of-way, plaintiff's erection of the concrete ramps was the only practical way to protect his access to that right-of-way. We note that a previous action involving the same parties had been discontinued with prejudice after a stipulation of settlement was agreed to in open court. By the terms of the stipulation, defendants were to level off the area of the right-of-way making it contiguous with the lowest part of the ramp on plaintiff's property. Defendants admitted that they failed to do this, and instead argue that the stipulation was not valid. That argument, however, was already decided in plaintiff's favor when a motion made by defendants to set aside the stipulation was denied by the Supreme Court, Westchester County (Cerrato, J.), by order entered July 25, 1979. Defendants never appealed from this order, and cannot challenge it now on this appeal. As defendants ignored their obligations under the stipulation, plaintiff was forced to do the work for them, and defendants have no right to complain of the method used to achieve the result when they themselves are responsible for the failure of less obstructive methods previously attempted.

Finally, we reject defendants' claim that the right-of-way was extinguished, *inter alia,* because the purpose for which it was originally created had ceased to exist. Although defendants claim that the sole purpose of the right-of-way was to provide access to an ice house, no evidence was presented at trial to support this contention. The deed which contains the grant of the right-of-way indicated that one geographical boundary was that of the ice house parcel. The deed does not

state that the purpose of the right-of-way was to provide access to the ice house. While the ice house itself no longer exists, the parcel upon which it was located, and which was named within that deed, continues to exist, and is part of the land currently owned by plaintiff. Defendants have failed to present sufficient evidence that the purpose of the right-of-way was to provide access only to the ice house and not to the land itself. Thus, they have failed to establish that the easement was extinguished by the destruction of the ice house (see, Holden v Palitz, 1 AD2d 685). In any event, the claim of extinguishment is one which could have and should have been raised in the prior litigation between the parties, and the failure to do so bars the claim pursuant to principles of res judicata (see, Gargiulo v Oppenheim, 95 AD2d 484, affd 63 NY2d 843).

The other contentions raised by defendants have been examined and found to be meritless. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.