■ Home Mortgage Corp., Respondent, v Saxon Equities Corp. et al., Appellants. [661 NYS2d 27] —In an action, *inter alia,* to recover damages for breach of fiduciary duties, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated July 1, 1996, which (1) granted the plaintiff's motion to disqualify the defendants' counsel, and (2) denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in denying the defendants' second motion for summary judgment, which was made after the matter was set for trial. More than two years earlier, the court had considered the defendants' first summary judgment motion on the merits, granting partial summary judgment and dismissing the first and third causes of action, and expressly denying summary judgment as to the second and fourth causes of action to recover damages for conversion of trade secrets and tortious interference with a contract. The court properly determined that its earlier ruling, from which the defendants had never appealed, was the law of the case *(see, Gargiulo v Oppenheim,* 95 AD2d 484, 492, *affd* 63 NY2d 843; 1 Carmody-Wait 2d, NY Prac § 2:257, at 438; *see,* Siegel, NY Prac § 276, at 406 [2d ed]). While this Court is not bound by the determination since the Supreme Court, Nassau County, is a court of subordinate jurisdiction *(see, Gargiulo v Oppenheim, supra),* we decline to depart from the Supreme Court's determination.

Furthermore, the court did not improvidently exercise its discretion by disqualifying the defendants' counsel from representing them at trial, since the two members of the defendants' law firm were also the principal of the plaintiff corporation and the secretary and general counsel for the corporation, respectively, and the evidence indicated that at least one firm member's testimony was necessary *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443, 446). Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.