**POLYMER INDUSTRIAL PRODUCTS COMPANY and Polymer Enterprises Corporation, Plaintiffs–Appellants,**

v.

**BRIDGESTONE/FIRESTONE, INC., Defendant–Appellee.**

No. 03–1176.

United States Court of Appeals, Federal Circuit.

Oct. 20, 2003.

Rehearing En Banc Denied Nov. 26, 2003 *.

Joseph Decker, Gefsky & Lehman, P.C., of Pittsburgh, PA, argued for plaintiffs-appellants.

Regan J. Fay, Jones, Day, Reavis & Pogue, of Cleveland, OH, argued for defendant-appellee. With him on the brief was Jenny L. Sheaffer; and Gregory A. Castanias, Jones, Day, Reavis, & Pogue, of Washington, DC.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the Northern District of Ohio dismissed the infringement suit brought by Polymer Industrial Products Company and Polymer Enterprises Corporation (collectively PIPCO). *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.,* 211 F.R.D. 312 (N.D.Ohio 2002). Because PIPCO's infringement claim was a compulsory coun-

* Dyk, Circuit Judge, did not participate in the vote.

terclaim under Fed.R.Civ.P. 13(a) in prior litigation and PIPCO waived the claim by not asserting it in the prior action, this court affirms.

## I.

PIPCO is the owner of United States Patent No. 4,381,331, which claims improvements in turn-over bladders. These bladders are important for the manufacture of pneumatic vehicle tires.[1] In January 1995, PIPCO filed an action against Bridgestone/Firestone, Inc. (Bridgestone) in the Northern District of Ohio alleging that Bridgestone's Skim–1 turn-over bladder infringed the '331 patent. After that complaint was filed, Bridgestone began to make and use a new turn-over bladder—Skim–2. In 1997, Bridgestone amended its answer, with leave of the court, to include a counterclaim for declaratory judgment that the Skim–2 bladders did not infringe the '331 patent. PIPCO, in turn, denied the allegations of Bridgestone's counterclaim but did not amend its complaint to assert an affirmative claim that the Skim–2 product infringed the '331 patent.

Following trial, the jury considered the Skim–1 and Skim–2 products and found that both infringed the '331 patent. The jury awarded damages based on the infringement and found willful infringement. The parties now dispute whether the jury awarded damages based on the Skim–1 product, the Skim–2 product, or both. Because this appeal arises under Fed. R.Civ.P. 12(b)(6), this court must construe the complaint in the light most favorable to the plaintiff-appellant and accept its factual allegations as true. *See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.,* *Inc.,* 988 F.2d 1157, 1160 (Fed.Cir.1993). Accordingly, this court assumes that damages were not awarded for the Skim–2 product in the prior litigation. After the jury reached its damages figure, the district court doubled that amount based on the finding of willfulness and issued a final judgment. This court affirmed that judgment in all respects in *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.,* 10 Fed.Appx. 812 (Fed.Cir.2001) (nonprecedential opinion).

Later PIPCO filed this action seeking damages for Bridgestones infringement of the '331 patent by its manufacture, use, and sale of the Skim–2 product, claiming that the earlier litigation established Bridgestones liability for Skim–2 infringement. Thus, the only unresolved issue, according to PIPCO, is the quantum of damages. In response, Bridgestone filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), alleging that PIPCO waived its right to damages with respect to the Skim–2 product by failing to assert an associated claim of infringement in the prior litigation. The district court granted Bridgestones motion, finding that PIPCOs claim was barred by either of two alternative and independent legal theories: Fed.R.Civ.P. 13(a) and *res judicata*. Because Rule 13(a) is sufficient to resolve this case, this court does not discuss *res judicata*.

This court has jurisdiction to hear this appeal, because it is from a final decision of a district court in an action where jurisdiction was based on 28 U.S.C. 1338. *See* 28 U.S.C. 1295(a)(1) (2000).

## II.

PIPCO challenges the district courts dismissal of its claim under Fed.R.Civ.P.

---

**1.** While the technical details of the turn-over bladder technology are not pertinent to this case, a detailed explanation of the patented apparatus and process are set forth in *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.,* 10 Fed.Appx. 812 (Fed. Cir.2001) (nonprecedential opinion).

12(b)(6), arguing that the Declaratory Judgment Acts further relief section, 28 U.S.C. 2202, allows PIPCO to now seek further relief of damages based on the declaratory judgment of infringement in the previous litigation.

■ Application of Rule 12(b)(6) is a procedural question not pertaining to patent law. Therefore, this court applies the rule of the regional circuit, in this case the United States Court of Appeals for the Sixth Circuit. *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed.Cir.2000) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir.1999) (*en banc* in relevant part)). In the Sixth Circuit, a dismissal under Fed. R.Civ.P. 12(b)(6) raises a question of law that is subject to *de novo* review. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001); *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief. *Mayer v. Mylod*, 988 F.2d 635, 637–38 (6th Cir.1993).

*Compulsory Counterclaim*

The district court held that PIPCOs present infringement claim was a compulsory counterclaim to Bridgestones declaratory judgment claim of noninfringement in the prior litigation. Consequently, having failed to bring it then, PIPCO is forever barred from revisiting the issue. In arriving at this conclusion, the district court relied on Fed.R.Civ.P. 13(a). Although finding this authority sufficient, the district court garnered further support for its conclusion from this courts decision in *Vivid Technologies, Inc. v. American Science Engineering, Inc.*, 200 F.3d 795 (Fed.Cir.

1999). Particularly, the district court relied on the following language from *Vivid Technologies:* [W]hen the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived. *Id.* at 802.

PIPCOs claim of infringement against the Skim–2 product satisfies the requirements for a compulsory counterclaim under Fed.R.Civ.P. 13(a). Rule 13(a) states:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In the prior litigation, Bridgestone brought a declaratory judgment claim of noninfringement of the '331 patent for their Skim–2 product. PIPCOs affirmative claim of infringement involving the same patent and the same product: (1) raises the same issues of law and fact as did the declaratory judgment claim of noninfringement; (2) requires the examination of the same evidence analyzed in the declaratory judgment claim of noninfringement; and (3) involves a logical relationship to the declaratory judgment claim of noninfringement. *See id.* at 801 (citing 6 Charles Alan Wright, Arthur R. Miller Mary Kay Kane, *Federal Practice and Procedure* 1410 (2d ed.1990)). Thus, PIPCOs affirmative claim of patent infringement in the prior litigation involving the same patent and the same accused product was compulsory.

In *Vivid Technologies,* the manufacturer, Vivid Technologies (Vivid); brought a declaratory judgment action seeking a declaration that its x-ray security device did

not infringe a patent owned by American Science Engineering, Inc. (AS E) or that the AS E patent was invalid. The district court denied AS Es motion for leave to file a counterclaim. Finding an abuse of discretion, this court reversed and required entry of the counterclaim on remand. This court based its ruling on the compulsory nature of AS Es claim. Beginning with Fed.R.Civ.P. 13(a), this court noted that [a] counterclaim for patent infringement, in an action for declaration of noninfringement of the same patent, readily meets all [of the] four [tests] identified by Professor Wright and used by the various circuit courts, any one of which renders a counterclaim compulsory. *Vivid Techs.*, 200 F.3d at 801 (citing 6 Charles Alan Wright, Arthur R. Miller Mary Kay Kane, *Federal Practice and Procedure* 1410 (2d ed.1990)).

Additionally, this court noted that, of the authorities examined at the time, every court that has discussed the issue has recognized that an infringement counterclaim is compulsory in an action for declaration of noninfringement. *Vivid Techs.*, 200 F.3d at 801–02 (citing cases). After this analysis and conclusion, this court stated the implications of a compulsory counterclaim: [I]t is generally recognized that when the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived. *Id.* at 802.

■ In sum, Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory. In addition, this court finds that the compulsory nature of an infringement claim in response to a declaratory judgment action for patent noninfringement and the resulting waiver and bar that occurs if not exercised warrant a uniform national rule. *See Biodex Corp. v. Lore-*

*dan Biomedical, Inc.,* 946 F.2d 850, 858–59, (Fed.Cir.1991) (committing the resolution of a procedural issue to this courts jurisprudence where there is an essential relationship between this courts exclusive statutory mandate and procedural issue). Accordingly, this court reiterates that a claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory.

■ Although not explicit in the text of Rule 13(a), a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation. *See Vivid Techs.*, 200 F.3d at 801–02 (citing 6 Charles Alan Wright et al., Federal Practice and Procedure § 1417, at 129 (2d ed.1990) ("failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim")); *see also Kane v. Magna Mixer Co.,* 71 F.3d 555, 562–63 (6th Cir.1995) (finding the doctrine of waiver applicable to a failure to assert a compulsory counterclaim under Rule 13(a)). The language of Rule 13(a) (i.e. the terms compulsory and shall state as a counterclaim) carry the inference that a failure to assert a compulsory counterclaim constitutes a waiver of that claim. The Supreme Court explained:

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim "shall" be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.

*S. Constr. Co., Inc. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). This case presents precisely that situation. PIPCO did not assert a compulsory counterclaim in the first action and subsequently instituted this new action based on that counterclaim.

Because PIPCOs claim in this case was a compulsory counterclaim in the previous litigation, PIPCO is barred from asserting it again. PIPCO, however, asserts that an exception to the waiver rule authorizes this claim. Accordingly, the sole remaining issue in this appeal is whether, in these circumstances, 2202 of the Declaratory Judgment Act constitutes an exception to Fed.R.Civ.P. 13(a).

*2202 of the Declaratory Judgment Act*

■ PIPCO asserts that the Declaratory Judgment Acts further relief section, 28 U.S.C. 2202, creates a statutory exception to the bar in Fed.R.Civ.P. 13(a). This section, PIPCO argues, permits it to seek, in a separate and subsequent action, the further relief of damages based on the declaratory judgment of infringement from the prior litigation. This section provides:

> 2202. Further relief
>
> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. 2202 (2000).

This court addressed the Declaratory Judgment Act in *B. Braun Medical, Inc. v. Abbott Laboratories,* 124 F.3d 1419 (Fed. Cir.1997). In particular, this court noted:

> [T]he [Declaratory Judgment] Act is a procedural device that provides a new, noncoercive remedy (a declaratory judgment) in cases involving an actual controversy that has not reached the stage at which either party may seek a coer-

cive remedy (such as an injunction or damages award) and in cases in which a party who could sue for coercive relief has not yet done so.

*Id.* at 1428. PIPCO relies on this statement to support the proposition that 2202 serves as an exception to the compulsory counterclaim doctrine of Rule 13(a).

To the contrary, the language in *Braun* simply explains that a declaratory judgment is appropriate in cases in which a party who could sue for coercive relief has not yet done so. That proposition has no bearing on the application of Rule 13(a) after a declaratory judgment action. Under Rule 13(a), a party who has waived a compulsory counterclaim has no right to sue for relief in a separate and later case. *Braun* simply does not address the effect of a compulsory counterclaim. Finally, in *Braun,* unlike the case at bar, the court authorized further relief in a separate trial conducted in the same case. *Id. Braun* did not deal with further relief in a case brought after final judgment in the initial declaratory judgment case.

In *Braun,* Braun sued Abbott for patent infringement; Abbott filed a declaratory judgment counterclaim for, *inter alia,* noninfringement. The jury returned a verdict in favor of Abbott, finding no infringement and further concluding that Braun had misused the patent. After this verdict, the district court held a separate eight-day trial to determine whether Brauns patent misuse had caused any damages to Abbott. The district court based this trial on 2202 of the Declaratory Judgment Act.

PIPCO does not cite a case from any circuit that has applied 2202 of the Declaratory Judgment Act to allow a claim for patent infringement damages in a new action based upon a declaratory judgment ruling in a previous action. In sum, this court discerns no authority for the notion that 2202 operates as an exception to Rule

13(a). Indeed, 2202 merely states that further relief based on a declaratory judgment may be granted. 28 U.S.C. 2202 (2000). This section creates no statutory right to relief. If Rule 13(a) does not operate as a bar, 2202 may acknowledge that a party may obtain further relief in a subsequent and separate action. *See, e.g., Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546, 549 (D.C.Cir.1988) (A separate action for further relief under § 2202 was not barred where "Rule 13(a)'s compulsory counterclaim requirement never became relevant."). In this case, however, PIPCO could have requested the further relief it now seeks in the previous action following the jury verdict. PIPCO admits that it chose not to do so. PIPCOs choice has consequences, one of which flows from Rule 13(a).[2] Nothing in 2202 authorizes a party to seek further relief based on a declaratory judgment without regard for other established rules of procedure.

Accordingly, this court holds that 2202 of the Declaratory Judgment Act does not permit a party to assert an infringement claim, which was a compulsory counterclaim to a declaratory judgment action in a prior litigation. The district courts judgment of dismissal is, therefore, affirmed.

### COSTS

Each party shall bear its own costs.

*AFFIRMED*

---

**2.** Indeed, as noted by Professor Wright, "there have been only a few cases in which a party actually has been held to be barred because of a failure to plead a [compulsory] counterclaim in a prior action." 6 Charles Alan Wright, Arthur R. Miller Mary Kay Kane, *Federal Practice and Procedure* 1417 at 138–39 (2d ed.1990). He continues: "[T]he careful attorney can and usually will plead all of his client's claims as counterclaims if there is any reason to believe that they might be considered compulsory." *Id.* at 139.