*Marathon et al. v. Paramount*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT:   GERARD E. LYNCH,
                      *Circuit Judge*,
                 JED S. RAKOFF,[*]
                      *District Judge*.[**]

_____

MARATHON STRUCTURED FINANCE
FUND, LP, NEWSTAR FINANCIAL,
INC., MUNICH RE CAPITAL MARKETS
NEW YORK, INC. ,
                                    *Plaintiffs-Appellants*,

                 v.                                                            No.    14-4455

PARAMOUNT PICTURES CORPORATION,
                                    *Defendant-Appellee*,[***]
_____

---

[*]        The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**]        Judge Guido Calabresi, originally assigned to this panel, recused himself from this case. The remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

[***]        The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**FOR APPELLANTS:**        WILLIAM L. CHARRON (James A. Janowitz, William L. Charron, Bryan T. Mohler, Benjamin S. Akley, *on the brief*), Pryor Cashman LLP, New York, NY.

**FOR APPELLEE:**        RICHARD B. KENDALL (Allan J. Arffa, Andrew J. Ehrlich, Patrick J. Somers, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, and Richard B. Kendall, Philip M. Kelly, Randall L. Jackson, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Katherine B. Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from a judgment entered in the United States District Court for the Southern District of New York in favor of Defendant-Appellee Paramount Pictures Corporation ("Paramount") on partial findings pursuant to Federal Rule of Civil Procedure 52(c) following a two-week bench trial. Appellants argue that the district court erred by finding that they did not establish any required element of their federal securities fraud, common law fraud, or common law unjust enrichment claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where a district court grants judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c), we review the district court's conclusions of law de novo and findings of fact for clear error. MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 960 (2d Cir. 1998).

2

Appellants are investors in Melrose Investors LLC ("Melrose"), a special purpose vehicle which invested its funds in a slate of films produced and distributed by Paramount over a two-year period ("Melrose Slate"). Appellants primarily argue that the district court erred in finding that Paramount's business strategy with respect to film financing and risk mitigation did not change following their investment in Melrose.

Appellants brought claims for federal securities fraud, common law fraud, and unjust enrichment. A claim under Section 10(b) of the Securities Exchange Act of 1934 requires the plaintiff to prove, *inter alia*, that the defendant made a misstatement or omission of material fact. In re Int'l Bus. Machines Corp. Sec. Litig., 163 F.3d 102, 106 (2d Cir. 1998). Common law fraud under New York state law similarly requires a material misrepresentation or omission of fact. Premium Mortgage Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009). "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). While unjust enrichment does not explicitly require a misstatement or omission, Appellants do not assert that Paramount committed any misconduct or wrongdoing apart from the misrepresentations or omissions Paramount purportedly made in the offering documents. At a minimum, therefore, Appellants must establish that Paramount made a false statement or material omission in order to succeed on any of their claims.

The gravamen of all three claims is that Paramount represented to investors that it would continue its historical risk-mitigation and film financing practices,[1] but, following the Melrose investment, pursued one form of co-financing – territorial sales[2] – at a lower rate than it had in the past. The district court found that Paramount had not changed its strategy with respect to co-financing, but had continued "business as usual." S.A. 8. The district court's factual finding in this regard was not clearly erroneous. While it is true that, in the aggregate, Paramount entered into fewer territorial sales on average per year for the twenty-five films in the Melrose Slate as compared to the sixty-five films contained in the historical data set distributed to investors, Paramount did not engage in a consistent level of territorial sales in any given two-year period. Rather, the district court reasonably concluded, Paramount has always relied on a mix of co-financing strategies including, in addition to territorial sales, shared-pot deals and passive equity co-financing, and the rate at which Paramount entered into these transactions varied widely from year to year.[3]

---

[1] These practices included, *inter alia*, passive equity co-financing, shared pot deals, tax credits, split-rights deals, and foreign presales. Appellants specifically argued in this case that Paramount had dramatically decreased its use of split-rights deals (where Paramount split the costs of production and distribution rights with another studio, often retaining domestic distribution rights), and foreign presales (where, prior to release, Paramount licensed all or a substantial portion of the foreign distribution rights for a fixed fee) after they invested in Melrose.

[2] Appellants refer to split-rights deals and foreign presales collectively as "territorial sales." We adopt this terminology for the purposes of this appeal without deciding whether these transactions are economically interchangeable.

[3] The Melrose transaction itself, as passive equity co-financing, is a form of risk management for Paramount. By definition, every film contained in the Melrose Slate involved passive equity co-financing.

Furthermore, the offering documents stated only that Paramount would pursue territorial sales "opportunistically" and "selectively." J.A. 3300, 3308.[4] Based on the foregoing evidence of the variability of the level of territorial sales in any given year, and the testimony of Paramount witnesses, credited by the district court, that there was no fundamental change in business strategy, the district court additionally found that Paramount had, in fact, entered into territorial sales "opportunistically" and "selectively." S.A. 8.

The district court's finding that Paramount did not change its business strategy with respect to territorial sales following the Melrose transaction is not clearly erroneous. Accordingly, Appellants failed to establish the factual premise of their claims, and the district court correctly dismissed the complaint.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] Paramount argues that, under <u>Janus Capital Grp., Inc. v. First Derivative Traders</u>, 131 S. Ct. 2296 (2011), it is not the "maker" of any of the statements contained in the offering documents, none of which were explicitly authored by Paramount. Because the district court reasonably found that the representations cited by Appellants were not false, we need not address this argument.