RIVERA, J. (concurring).
I agree with the plurality that plaintiff Paramount Pictures Corporation (Paramount), is barred by res judicata from pursuing a claim for attorneys' fees based on defendants' alleged breach of a covenant not to sue, because ***81 Paramount failed to assert this as a counterclaim in defendants' prior federal lawsuit against Paramount. However, I reach that conclusion without the need to determine, as the plurality does here, whether a federal court would agree that state law provides the proper analytic framework. We have no reason to opine on an open question of federal law-namely, what rule of res judicata applies to claims asserted in state court where there has been a prior federal judgment predicated on "mixed" subject matter jurisdiction and not solely on the existence of a federal question.[1] Paramount's claim is barred regardless of whether federal or New York State res judicata rules apply, because it arises out of the same transaction as the defendants' federal claim which was litigated to its conclusion in the prior federal action. Since the result is the same, the plurality's discussion is essentially an advisory opinion, and one that may prove mistaken (see New York Public Interest Research Group, Inc. v. Carey, 42 N.Y.2d 527, 530, 399 N.Y.S.2d 621, 369 N.E.2d 1155 [1977] [reminding us that "the courts should not perform useless or futile acts and thus should not resolve disputed legal questions unless this would have an immediate practical effect on the conduct of the parties"] ). We should leave to the United States Supreme Court the problem of determining the state res judicata effect of a federal judgment predicated on "mixed" subject matter jurisdiction, or wait until the question is squarely presented to our Court.[2]
Indeed, the posture of this case and the manner in which the parties have litigated the issues render it particularly ill-suited ***82 for a complex analysis of the preclusive *750 effect of a "mixed" subject matter federal judgment. The parties agree that this case should be decided under New York State's res judicata rules, and neither they, Supreme Court, nor the Appellate Division discussed whether New York State or federal res judicata law applied. Much of the legal analysis the plurality opinion offers was never briefed by the parties or relied upon as the basis for the decisions of the lower courts. Here, to reach beyond the arguments squarely before us is inappropriate and unnecessary (cf. Greenlaw v. United States, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 [2008] [observing that American courts, "in the first instance and on appeal ... follow the principle of party presentation[-t]hat is, we rely on the parties to frame the issues for decision"]; People v. Hawkins, 11 N.Y.3d 484, 493, 872 N.Y.S.2d 395, 900 N.E.2d 946 [2008] [noting that our Court's purpose is "best accomplished when [we] determine[ ] legal issues of statewide significance that have first been considered by both the trial and the intermediate appellate court"] ).
The facts relevant to the res judicata analysis are not in dispute. Several investment entities (investors) sued Paramount in federal district court for the Southern District of New York for securities fraud, arising from Paramount's alleged misrepresentations and omissions. In that lawsuit, Paramount argued that the investors waived their right to sue for fraud under a waiver clause contained in section 4(t) of the parties' subscription agreement. Section 4(t) also contains what the parties refer to as a "covenant not to sue," by which each investor "agree[d] that in no event shall it assert any claim or bring any action contradicting the acknowledgments and agreements in this paragraph." After a bench trial, the district court dismissed the complaint, determining, in relevant part, that the investors waived their claims and failed to establish the alleged fraud, and further noting that the investors made a binding agreement "in no event to bring any claim." The Second Circuit affirmed, concluding that the investors failed to establish the underlying facts of their claims and thus that the district court properly dismissed the complaint ( Marathon Structured Finance Fund, LP v. Paramount Pictures Corp., 622 Fed.Appx. 85, 87 [2d Cir. 2015] ).
While the federal appeal was pending, Paramount filed the instant action in state court against the same investors who were the plaintiffs in the prior federal action, seeking attorneys' fees for the investors' alleged breach of the covenant not to sue.
***83 Paramount concedes it could have asserted this cause of action as a counterclaim in the federal lawsuit, but did not do so. The Appellate Division held that Paramount's suit qualified as a compulsory counterclaim under Federal Rules of Civil Procedure rule 13(a) and was thus barred in state court by res judicata ( Paramount Pictures Corp. v. Allianz Risk Transfer AG, 141 A.D.3d 464, 467-468, 36 N.Y.S.3d 11 [1st Dept. 2016] ).
The plurality's discussion of which rule of res judicata to apply and the history of federal claim preclusion law is unnecessary (plurality op. at 69-71, 73 N.Y.S.3d at 475-78, 96 N.E.3d at 740-42 [Part II], 73-77, 73 N.Y.S.3d at 478-82, 96 N.E.3d at 743-46 [Part III.B] ), but I agree with the plurality's conclusion that Paramount's claim here is transactionally related to the prior federal claim and, as such, should have been asserted in that case as a compulsory counterclaim (plurality op. at 78-80, 73 N.Y.S.3d at 482-84, 96 N.E.3d at 747-49). Although the plurality reaches its judgment after what is ostensibly a "federal res judicata" analysis, it mirrors the analysis under our state law and leads to the same conclusion: Paramount's claim is clearly part of the same transaction, and *751 so barred. Paramount effectively conceded that there is a transactional relationship between its claims by alleging in the trial court that the investors were collaterally estopped from denying that section 4(t)'s covenant not to sue applied in the state action because the district court found that section 4(t)'s waiver provision applied.[3]
"It is blackletter law that a valid final judgment bars future actions between the same parties on the 'same cause of action' " ( Matter ofReilly v. Reid, 45 N.Y.2d 24, 27, 407 N.Y.S.2d 645, 379 N.E.2d 172 [1978] ). "This State has adopted the transactional analysis approach in deciding res judicata issues [so that] once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" ( O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 [1981] ). Thus, res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" ( Matter of Hunter, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 [2005] ). As explained, and notwithstanding Paramount's exhortations to the contrary, Paramount's state claim is transactionally related to the investors' federal claim and should have been raised in the federal ***84 lawsuit. Since Paramount did not assert the claim when it had the chance, it may not avoid the consequences of its choice simply by crossing the street and filing in state court.
Paramount maintains that this ordinary analysis should not apply because New York is a permissive counterclaim jurisdiction, which reflects a legislative preference to maximize party forum selection. Paramount's argument misses the mark and distracts from the central question in this case, namely what preclusive effect to give the prior federal court judgment. We answer that question by looking to the rules that define the scope and consequences of the litigants' claims and the final judgment entered. Where the prior litigation took place in a different jurisdiction, our law requires that we begin by looking to the law of the issuing forum to determine the judgment's scope in its home jurisdiction. Here, the final judgment in the prior action was entered by a federal court, under a system which has adopted a compulsory counterclaim pleading requirement (see Federal Rules of Civil Procedure 13 [a] ). We give res judicata effect to the prior federal judgment as it stands under that pleading regime, with its attendant consequences for future litigation.[4] Here, because the federal court would bar Paramount from filing a second action to pursue its breach of contract claim, that same claim is barred under res judicata in our New York courts. As Judge Fuld explained over 50 years ago:
"[W]hen the Federal suit was commenced, it is indisputably clear that the plaintiffs now before us should have interposed as counterclaims in the earlier litigation the very causes of action now sued upon. Having failed to do so, it necessarily follows that the judgment entered (by the [federal] Court) is res judicata as to the merits of the counterclaims which should have been pleaded.... 'To the extent to which a judgment *752 of a federal court operates as res ajudicata in that court, it operates as res adjudicata in the courts of this state.' And ... it likewise operates as res judicata in New York." ( Cummings v. Dresher, 18 N.Y.2d 105, 109, 271 N.Y.S.2d 976, 218 N.E.2d 688 [1966] [Fuld, J., concurring], quoting Horne v. Woolever, 170 Ohio St. 178, 183, 163 N.E.2d 378 [1959] ).
***85 Nor does it affect the analysis that "[o]ur permissive counterclaim rule may save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action" ( Henry Modell & Co. v. Minister, Elders & Deacons of Ref. Pro.Dutch Church of City of N.Y., 68 N.Y.2d 456, 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 [1986] ). That observation was made in the context of analyzing a prior New York state court judgment's preclusive effect on a subsequent New York state court action. Here, however, New York's pleading rules have no place, as the prior action was not brought in New York state court. Instead, Paramount was faced with defending itself in federal court, where it was subject to the Federal Rules of Civil Procedure, including rule 13(a), when it decided not to assert its transactionally-related counterclaim. It cannot now seek to escape the consequences of the tactical decision it made in federal court.
To the extent Paramount suggests that it appropriately relied on New York's permissive pleading requirement, it is mistaken. To refrain from asserting a claim carries risks even under New York's law. Even if the investors had initially brought suit in New York state court instead of federal court, it is not clear that Paramount's state claim would be permitted, as under our jurisprudence New York will not always allow a previously unasserted claim to proceed in a future state action. As the Court has explained, our permissive counterclaim rule "does not ... permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action" ( Henry Modell, 68 N.Y.2d at 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 ). Paramount unpersuasively claims this state court action could not possibly impair rights or interests established in the prior federal case, since Paramount won in that lawsuit. Nothing in our case law limits the reach of a holding to the victorious party. If the federal decision established the rights and interests of the investors too, New York courts would be required to respect that decision as well.[5]
Moreover, Paramount's approach would encourage simultaneous litigation in two jurisdictions and promote forum shopping, ***86 contrary to the well-recognized policies underlying res judicata. "Res judicata is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation" ( Matter of Reilly, 45 N.Y.2d at 28, 407 N.Y.S.2d 645, 379 N.E.2d 172 [italics removed] ). "[A] party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" ( Matter of Hunter, 4 N.Y.3d at 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 ). As the Court has oft explained, "[c]onsiderations *753 of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" ( Matter of Reilly, 45 N.Y.2d at 28, 407 N.Y.S.2d 645, 379 N.E.2d 172 ; see also e.g. Insurance Co. of State of Pennsylvania v. HSBC Bank USA, 10 N.Y.3d 32, 38, 852 N.Y.S.2d 812, 882 N.E.2d 381 [2008] ; Xiao Yang Chen v. Fischer, 6 N.Y.3d 94, 100, 810 N.Y.S.2d 96, 843 N.E.2d 723 [2005] ; Matter of Hunter, 4 N.Y.3d at 269-270, 794 N.Y.S.2d 286, 827 N.E.2d 269 ). Applying our state res judicata rules as I have described furthers these policies by promoting judicial economy and closure.
This case illustrates the point. Although Paramount could have filed its claim in the prior action, it filed its state action while the federal appeal was pending, after the parties had litigated in federal court for seven years, in the hopes of vindicating a claim that might have been impossible to establish under controlling Second Circuit precedent (see Artvale Inc. v. Rugby Fabrics Corp., 363 F.2d 1002, 1008 [2d Cir.1966] [holding that a party may not recover attorneys' fees on an action for breach of a covenant not to sue where the allegedly breaching plaintiff "claim(s) in good faith" that the covenant "had been obtained by unfair means"] ). To permit Paramount's use of the state courts in this way undermines the goals of finality and efficiency, in support of a litigant who had every opportunity to bring the claim in federal court but chose not to. Res judicata is one of the cornerstones on which the stability of our legal system rests and New York will not lend its courts or laws to undermine the settled decisions of other legitimate tribunals.[6]
***87 For the foregoing reasons, under state res judicata principles, Paramount's claim is barred, requiring dismissal of the complaint.

Hundreds of reported cases bifurcate rule 13(a) compulsory counterclaims from the plaintiffs' claims; sometimes, courts even bifurcate defenses, as rule 42(b) allows (see e.g. Seiko Epson Corp. v. Glory S. Software Mfg., 2010 WL 256505, at *5, 2010 U.S. Dist. LEXIS 4917, at *14 [D. Or. 2010] [granting motion to bifurcate trial of "Walker Process" counterclaim arising from same transaction or occurrence]; Donnelly Corp. v. Reitter & Schefenacker USA Ltd. P'ship, 2002 WL 31418042, at *6, 2002 U.S. Dist. LEXIS 15205, at *26 [W.D. Mich.2002] [bifurcating both patent misuse defense and antitrust counterclaim arising from same transaction or occurrence]; Shire LLC v. Mickle, 2011 WL 2959461, at *1-3, 2011 U.S. Dist LEXIS 76811, at *4-5 [W.D. Va. 2011] [bifurcating counterclaims alleging sham litigation, slander, and breach of a contractual non-disparagement from breach-of-contract claim]; Otsuka Pharm. Co. v. Apotex Corp., 143 F.Supp.3d 188, 197 n. 10 [D. N.J. 2015] [bifurcating patent misuse and antitrust claims because "(b)ifurcation, in turn, aims to ensure efficiency and avoid needless expense, particularly where resolution of the primary claims may, as here, obviate the need to proceed to discovery on the remaining claims"].)

That is not to say that the forum state's substantive law would always apply. I understand Semtek to include the choice-of-law rules of the forum state-not the res judicata law of the forum state even if the courts of that state would, in a particular case, choose the law of a foreign state. Semtek's underpinning requires a federal court sitting in diversity to do exactly what the forum state would do, even if that is to choose the law of a different state (see 531 U.S. at 508, 121 S.Ct. 1021 ["This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits"] [emphasis added] ).

The plurality's cases do not support its theory. Each of those cases concerns supplemental jurisdiction, not diversity jurisdiction. Supplemental jurisdiction requires that the state-law claims be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" (28 USCA § 1367 ). A claim based on diversity jurisdiction, in contrast, need not have any relationship to the federal claim, and its claim-preclusive effect may therefore have a very different sweep than that of the federal claim. Indeed, state-law claims appended to federal claims by way of supplemental jurisdiction are precisely the set of claims in which rule 13(a) and federal res judicata law are congruent. In re Residential Capital, LLC (507 B.R. 477, 490 [S.D. N.Y.2014] ) makes that very distinction ("When federal jurisdiction in a prior case is based on federal question jurisdiction, with the court exercising supplemental-not diversity-jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies.").

However, the plurality contradicts itself later when claiming that rule 13"also has a claim preclusive effect ... rule 13(a) operates as a procedural shortcut-an expedient employed by federal courts to achieve the preclusive ends of res judicata" (plurality op. at 76, 73 N.Y.S.3d at 481, 96 N.E.3d at 746).

For example, Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc. (211 F.R.D. 312, 318, affd 347 F.3d 935 [Fed. Cir. en banc] ) is a case in which the Federal Circuit reaffirmed its rule that a lawsuit alleging patent infringement is a compulsory counterclaim under rule 13(a) to an initial declaratory action for noninfringment. There is no question that claim preclusion would bar the filing of a counterclaim that was merely a mirror image of the initial claim-not because the two claims arose from the same transaction or occurrence, but because the separate litigation of one after the other was decided would constitute an attempt to relitigate the first judgment. Monahan v. New York City Dep't of Corrections (214 F.3d 275, 279-280 [2d Cir. 2000] ) held that correction officers were barred by the doctrine of res judicata from bringing the exact same claim previously brought and lost "by the president of the Correction Officers' Benevolent Association ... the exclusive bargaining agent for New York City correction officers." Again, traditional principles of claim preclusion would prevent separate parties in privity from retrying the same claim against the same defendant. Ross v. Bd. of Educ. (486 F.3d 279 [7th Cir. 2007] ), is a case in which res judicata barred a student who had previously sued the school district for violation of the Individuals with Disabilities Education Act from bringing a second suit against the district for violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Civil Rights Act, arising out of the same conduct that underlay the initial lawsuit. Here too, traditional principles of res judicata (claim splitting)-not some "expanded" form of res judicata-barred her claim. Importantly, none of the cases relied on by the plurality involve a counterclaim that is not merely a mirror image of the initial claim.

In fact, "the doctrine applied by most courts seems to be the converse. That is, absent the compulsory counterclaim rule, a pleader is never barred by res judicata from suing independently on a claim that he refrained from pleading as a counterclaim in a prior action" (6 Fed Prac & Proc Civ § 1410 [3d ed] ). At most, there are no "uniform" rules of res judicata, because some federal Courts of Appeals appear to adhere to the narrower conception of res judicata (see e.g. Martino v. McDonald's Sys., Inc., 598 F.2d 1079, 1083 [7th Cir. 1979] ["(L)ong-standing principles of res judicata establish a narrowly defined class of 'common law compulsory counterclaims ... For cases like this one, to which rule 13(a) is inapplicable, Martino's argument correctly states the general rule. When facts form the basis of both a defense and a counterclaim, the defendant's failure to allege these facts as a defense or a counterclaim 'does not preclude him from relying on those facts in an action subsequently brought by him against the plaintiff.' ")