[843 NE2d 723, 810 NYS2d 96]

XIAO YANG CHEN, Appellant, v IAN IRA FISCHER, Respondent.

Argued November 15, 2005; decided December 15, 2005

## POINTS OF COUNSEL

*Law Office of Paul Grobman,* New York City (*Paul Grobman* of counsel), for appellant. Res judicata does not require that divorce and tort actions be tried together. (*Matter of Reilly v Reid,* 45 NY2d 24; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Boronow v Boronow,* 71 NY2d 284; *DeJesus v DeJesus,* 90 NY2d 643; *Pirodsky v Pirodsky,* 179 AD2d 1066; *Havell v Islam,* 301 AD2d 339, 100 NY2d 505; *Koerick v Lotito,* 262 AD2d 367, 94 NY2d 756; *Sayers v Albicocco,* 256 AD2d 323; *Matter of DES Mkt. Share Litig.,* 79 NY2d 299; *Andersen v Chrysler Corp.,* 99 F3d 846.)

*Bleakley Platt & Schmidt, LLP,* White Plains (*Robert D. Meade* of counsel), for respondent. I. Claim preclusion bars a later action where it is based upon the "virtually identical" allegations raised in an earlier action. (*Matter of Reilly v Reid,* 45 NY2d 24; *O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Maflo Holding Corp. v S. J. Blume, Inc.,* 308 NY 570.) II. Inasmuch as the rules of joinder permitted appellant's claims in action No. 2 to be joined with the divorce action, the instant action is barred under the "might have been litigated" rule. (*Maharam v Maharam,* 177 AD2d 262; *Partlow v Kolupa,* 69 NY2d 927; *O'Connell v Corcoran,* 1 NY3d 179; *Wilkins v American Export Isbrandtsen Lines,* 46 AD2d 244, 38 NY2d 758; *Varieur v Varieur,* 238 AD2d 931; *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304.) III. The broad holding was not necessary to decide the case; nevertheless, it is clearly supported by modern opinions of this Court. (*Boronow v Boronow,* 71 NY2d 284; *Rainbow v Swisher,* 72 NY2d 106.) IV. The decision promotes public policy considerations enunciated by this Court. (*Matter of Reilly v Reid,* 45 NY2d 24; *Boronow v Boronow,* 71 NY2d 284.) V. Appellant's claim that the allegations were withdrawn "without prejudice" is patently false. (*Kleila v Kleila,* 50 NY2d 277; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *O'Brien v O'Brien,* 66 NY2d 576; *Blickstein v Blickstein,* 99 AD2d 287.) VI. Appellant cannot "split" her cause of action, since she did not obtain a reservation of rights. (*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *Partlow v Kolupa,* 69 NY2d 927.) VII. A convenient trial unit is formed where an action is based upon the same facts alleged as grounds for

divorce. (*Boronow v Boronow,* 71 NY2d 284; *Pirodsky v Pirodsky,* 179 AD2d 1066; *Havell v Islam,* 301 AD2d 339; *Koerick v Lotito,* 262 AD2d 367; *O'Brien v O'Brien,* 66 NY2d 576; *Maharam v Maharam,* 177 AD2d 262.) VIII. Acquiescence cannot occur in the absence of pleadings. (*Louis R. Shapiro, Inc. v Milspemes Corp.,* 20 AD2d 857; *John J. Campagna, Inc. v Dune Alpin Farm Assoc.,* 81 AD2d 633; *Modica v Zergebel,* 140 AD2d 414.)

*Law Offices of Annette G. Hasapidis,* South Salem (*Annette G. Hasapidis, Alayne Katz* and *Andrea Phoenix* of counsel), for Women's Bar Association of the State of New York, amicus curiae. New York's res judicata doctrine and its strong public policy against domestic violence are vitiated by the lower court's decision. (*Boronow v Boronow,* 71 NY2d 284; *Kahn v Kahn,* 43 NY2d 203; *O'Brien v City of Syracuse,* 54 NY2d 353; *Matter of Reilly v Reid,* 45 NY2d 24; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *O'Brien v O'Brien,* 66 NY2d 576; *Brancoveanu v Brancoveanu,* 145 AD2d 395; *Havell v Islam,* 301 AD2d 339; *Blickstein v Blickstein,* 99 AD2d 287.)

*Amanda B. Norejko,* New York City, and *Laura A. Russell* for Sanctuary for Families' Center for Battered Women's Legal Services, amicus curiae. I. Matrimonial litigation will be complicated by the Appellate Division's decision. (*Havell v Islam,* 301 AD2d 339; *Blickstein v Blickstein,* 99 AD2d 287; *Brancoveanu v Brancoveanu,* 145 AD2d 395; *Clark v Kirby,* 243 NY 295; *Maharam v Maharam,* 177 AD2d 262.) III. The Appellate Division's decision will deny domestic violence victims access to justice. (*Matter of New York County DES Litig.,* 89 NY2d 506; *Di Marco v Hudson Val. Blood Servs.,* 147 AD2d 156; *Prego v City of New York,* 147 AD2d 165; *McCarthy v Volkswagen of Am.,* 55 NY2d 543; *Nussbaum v Steinberg,* 269 AD2d 192.) III. The Appellate Division's decision will open the door to discovery abuses. (*McMahan v McMahan,* 100 AD2d 826; *Blickstein v Blickstein,* 99 AD2d 287; *Holmes v Holmes,* 157 AD2d 896; *Lemke v Lemke,* 100 AD2d 735.) IV. The Appellate Division's decision in *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) misapplies the principle of res judicata. (*Boronow v Boronow,* 71 NY2d 284.) V. Public policy favors protecting the victim.

*Cynthia B. Rubin,* New York City, *Sheila A. Agnew* and *Jennifer A. Covell* for Association of the Bar of the City of New York, amicus curiae. I. The decision below, unless reversed, will

cause significant and problematic changes in New York matrimonial law and practice. (*Dubovsky v Dubovsky,* 188 Misc 2d 127; *Hunter v Hunter,* 10 AD2d 291; *Rubin v Rubin,* 73 AD2d 148; *Corsel v Corsel,* 133 AD2d 604; *Ferguson v Ferguson,* 2 Misc 3d 277; *Stoner v Culligan, Inc.,* 32 AD2d 170; *Harris v Melander,* 61 AD2d 1058; *Pirodsky v Pirodsky,* 179 AD2d 1066.) II. *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) is likely to have a harmful effect on domestic violence victims in New York State.

*Elliot Scheinberg,* New York City, for American Academy of Matrimonial Lawyers, New York Chapter, amicus curiae. I. The Second Department dealt a blow to spousal tort actions. (*Boronow v Boronow,* 71 NY2d 284; *People v De Jesus,* 21 AD2d 236.) II. It is settled law that domestic violence is a public policy issue. (*Morales v County of Nassau,* 94 NY2d 218; *Chianese v Meier,* 285 AD2d 315, 98 NY2d 270; *Matter of Reynolds v Fraser,* 5 Misc 3d 758; *People v Kheyfets,* 174 Misc 2d 516; *Coster v Coster,* 289 NY 438.) III. *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) confuses marital fault with egregious conduct. (*Cohen v Cohen,* 160 App Div 240; *Mandel v Mandel,* 109 Misc 2d 1; *Havell v Islam,* 301 AD2d 339; *Blickstein v Blickstein,* 99 AD2d 287; *O'Brien v O'Brien,* 66 NY2d 576; *Kobylack v Kobylack,* 111 AD2d 221; *Brancoveanu v Brancoveanu,* 145 AD2d 395; *Wenzel v Wenzel,* 122 Misc 2d 1001; *McCann v McCann,* 156 Misc 2d 540; *Gordon v Gordon,* 205 AD2d 446, 84 NY2d 808.) IV. There is a distinction between tort relief and egregious conduct awards. (*McCann v McCann,* 156 Misc 2d 540; *Lolli-Ghetti v Lolli-Ghetti,* 165 AD2d 426, 78 NY2d 864; *Desnoyers v Desnoyers,* 142 AD2d 873.) V. The elimination of fault from Domestic Relations Law § 236 (B) has desensitized matrimonial law to the availability of tort relief under personal injury claims. (*Maharam v Maharam,* 177 AD2d 262; *Bloomfield v Bloomfield,* 281 AD2d 301; *Rubin v Rubin,* 275 AD2d 404.) VI. *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) imposes confusing multistandards in matrimonial litigation which must be refined. (*McCann v McCann,* 156 Misc 2d 540.) VII. *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) indirectly requires a resolution of an interdepartmental rift: the availability of disclosure on the merits in divorce actions and its direct impact on the prosecution of a spousal tort claim. (*Ferguson v Ferguson,* 2 Misc 3d 277; *Van Ess v Van Ess,* 100 AD2d 848; *Ginsberg v Ginsberg,* 104 AD2d 482; *McMahan v McMahan,* 100 AD2d 826; *Corsel v Corsel,* 133 AD2d 604; *Blickstein v Blickstein,* 99 AD2d 287; *Holmes v Holmes,* 157 AD2d 896; *Schaefer v Connors,* 159 AD2d 780; *Nigro v Nigro,* 121 AD2d 833; *Weichert v Kimber,* 249 AD2d

996, 94 NY2d 859.) VIII. Although counsel fees are available in divorce actions, prosecution of tort actions set forth in the divorce actions may still be impractical for the victim of domestic violence because: (1) contingency fees are prohibited in divorce actions, and (2) a personal injury attorney will likely decline a contingency arrangement for the tort claim because it is not secured by a carrier. IX. Another critical question that requires resolution by this Court: Domestic Relations Law § 237 (d) unequivocally contemplates the retention of any category of expert to assist with the case. It cannot be interpreted to exclude personal injury counsel for tort claims set forth in a divorce action. (*Frankel v Frankel,* 2 NY3d 601; *O'Shea v O'Shea,* 93 NY2d 187; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879.) X. Consideration to the sequence of trials is critical so as to prevent a victim of domestic violence from paying for her personal injury. (*Maharam v Maharam,* 123 AD2d 165, 177 AD2d 262.) XI. Ample precedent evidences that matrimonial actions receive unique decisional and statutory leniency. Res judicata should similarly not be applied in a draconian fashion and victims of domestic violence should be accorded greater procedural temperament. (*Boronow v Boronow,* 71 NY2d 284; *O'Connell v Corcoran,* 1 NY3d 179; *Antonovich v Antonovich,* 84 AD2d 799; *Otto v Otto,* 150 AD2d 57.) XII. The cases cited in *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) in support of res judicata address property issues only and not any involving spousal safety; public policy considerations underlying spousal safety cannot possibly be compared to property issues. (*Boronow v Boronow,* 71 NY2d 284; *Partlow v Kolupa,* 69 NY2d 927; *Scattoreggio v Scattoreggio,* 115 AD2d 531; *Rakowski v Rakowski,* 109 AD2d 1.) XIII. *Xiao Yang Chen v Fischer* (12 AD3d 43 [2004]) sacrificed public policy concerns of domestic violence in favor of the "societal need" to streamline litigation.

## OPINION OF THE COURT

CIPARICK, J.

Plaintiff Xiao Yang Chen and defendant Ian Ira Fischer were married on March 11, 2001. Shortly thereafter, Fischer commenced an action for divorce on the ground of cruel and inhuman treatment. Chen counterclaimed for divorce—also alleging cruel and inhuman treatment—and asserted an additional cause of action for fraudulent inducement. Specifically, as grounds for divorce, Chen alleged that on May 6, 2001, Fischer "grabbed [her] and violently slapped her across the face and ear causing

[her] to suffer bruising, pain and swelling" and that he threw her on the ground and attempted to suffocate her. As a result of that incident, each party filed a family offense petition against the other in Family Court and received a temporary order of protection. The parties agreed to consolidate these petitions with the matrimonial action. At the conclusion of the matrimonial trial, they further agreed to withdraw the petitions without prejudice on the record in open court.

On October 15, 2001, prior to trial of the matrimonial action, the parties entered into a stipulation on the issue of fault. "[I]n satisfaction of the stipulation," the parties agreed to withdraw all their fault allegations—including those related to the May 6 incident—save one. After trial on the remaining issues—including equitable distribution and a fraudulent inducement cause of action—on May 8, 2002 a dual judgment of divorce was granted on the ground of cruel and inhuman treatment based on each party's sole remaining fault allegation.

Chen allegedly commenced the instant personal injury action on January 18, 2002, while the matrimonial action was pending.[1] The complaint asserted two causes of action—one for intentional infliction of emotional distress and a second for assault and battery. As to the second cause of action, the complaint alleged that on May 6, 2001, Fischer slapped her in the face and ear, causing permanent injury, necessitating continuing medical treatment and rendering her unable to perform her usual and customary activities. Fischer answered, raising several affirmative defenses, including res judicata and various theories of estoppel.

Fischer moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and Chen cross-moved to dismiss several of Fischer's affirmative defenses. Supreme Court granted Fischer's motion and denied Chen's cross motion. The court found that the allegations in Chen's personal injury action were "virtually identical" to those in her counterclaim for divorce and arose out of the same transaction or series of transactions. Thus, the court determined that the tort action was barred by res judicata.

The Appellate Division affirmed, agreeing that the action was barred because the tort claim could have been litigated with the divorce action and Chen did not expressly reserve the right to

---

1. The original complaint is not part of the record. The only version of the complaint in the record is an incomplete second amended complaint dated May 10, 2002—subsequent to the judgment of divorce.

bring that claim when she withdrew her fault allegations for purposes of the stipulation. The Court extended the rule we set forth in *Boronow v Boronow* (71 NY2d 284, 290 [1988])—that issues relating to marital property be decided with the matrimonial action—to interspousal tort actions. Specifically, the Court found that "[s]ocietal needs, logic, and the desirability of bringing spousal litigation to finality now compel us to . . . hold that an interspousal tort action seeking to recover damages for personal injuries commenced subsequent to, and separate from, an action for divorce is . . . barred by claim preclusion" (12 AD3d 43, 47 [2004]).[2] We granted Chen leave to appeal and now reverse.

Typically, principles of res judicata require that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). In the context of a matrimonial action, this Court has recognized that a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated (*Rainbow v Swisher*, 72 NY2d 106, 110 [1988]; *see also O'Connell v Corcoran*, 1 NY3d 179, 184-185 [2003]). The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy (*see Matter of Hodes v Axelrod*, 70 NY2d 364, 372 [1987]; *Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). However, unfairness may result if the doctrine is applied too harshly; thus "[i]n properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive [the litigant] of one" (*Reilly*, 45 NY2d at 28).

It is not always clear whether particular claims are part of the same transaction for res judicata purposes. A "pragmatic" test has been applied to make this determination—analyzing "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations

---

**2.** The Appellate Division, citing *Weicker v Weicker* (22 NY2d 8, 11 [1968]), held that "New York does not recognize a cause of action to recover damages for intentional infliction of emotional distress between spouses such as the one asserted by Chen in her first cause of action against Fischer" (12 AD3d 43, 45 [2004]). We agree and limit our discussion to Chen's cause of action to recover damages for assault and battery.

or business understanding or usage" (Restatement [Second] of Judgments § 24 [2]; *see Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]; *Reilly*, 45 NY2d at 29).[3]

Applying these principles, it is apparent that personal injury tort actions and divorce actions do not constitute a convenient trial unit. The purposes behind the two are quite different. They seek different types of relief and require different types of proof. Moreover, a personal injury action is usually tried by a jury, in contrast to a matrimonial action, which is typically decided by a judge when the issue of fault is not contested. Further, personal injury attorneys are compensated by contingency fee, whereas matrimonial attorneys are prohibited from entering into fee arrangements that are contingent upon the granting of a divorce or a particular property settlement or distributive award (*see* Code of Professional Responsibility DR 2-106 [c] [2] [i] [22 NYCRR 1200.11 (c) (2) (i)]).

This case is distinguishable from the situation presented by *Boronow*. There, we noted that title issues are "intertwined" with the dissolution of the marriage relationship and could usually "be fairly and efficiently resolved" along with the matrimonial action (*see Boronow*, 71 NY2d at 290). Typically, however, a personal injury action is not sufficiently intertwined with the dissolution of the marriage relationship as to allow for its efficient resolution. Thus, the interspousal tort action does not form a convenient trial unit with the divorce proceeding, and it would not be within the parties' reasonable expectations that the two would be tried together.

Significant policy considerations also support this conclusion. To require joinder of interspousal personal injury claims with the matrimonial action would complicate and prolong the divorce proceeding. This would be contrary to the goal of expediting these proceedings and minimizing the emotional damage to the parties and their families. Delaying resolution of vital matters such as child support and custody or the distribution of assets to await the outcome of a personal injury action could result in extreme hardship and injustice to the families involved, especially for victims of domestic violence. In addition, parties should be encouraged to stipulate to, rather than litigate, the issue of fault (*see Blickstein v Blickstein*, 99 AD2d 287, 293-

---

**3.** *Smith* and *Reilly* cited section 61 from Tentative Draft No. 1 of the Restatement (Second) of Judgments, which has since been adopted at section 24 of the current Restatement.

294 [2d Dept 1984]; *see also O'Brien v O'Brien*, 66 NY2d 576, 589, 590 [1985] [noting that fault should only be considered "in egregious cases" for purposes of equitable distribution, in part, "because fault will usually be difficult to assign and because introduction of the issue may involve the courts in time-consuming procedural maneuvers relating to collateral issues"]).

Unlike the Appellate Division, we decline to adopt the reasoning of the New Jersey Supreme Court in *Tevis v Tevis* (79 NJ 422, 400 A2d 1189 [1979]). In *Tevis*, the court held that under that State's "single controversy" rule, the interspousal personal injury claim should have been brought with the matrimonial action so that the issues between the parties could be decided in one proceeding in order to prevent protracted litigation (*see Tevis*, 79 NJ at 434, 400 A2d at 1196). However, that view is decidedly the minority view and the New Jersey Supreme Court has recently acknowledged the potential drawbacks to litigating an interspousal tort claim prior to the divorce proceeding—noting that it "may have a negative psychological impact on parties by prolonging the uncertainty of their marital status" (*Brennan v Orban*, 145 NJ 282, 303, 678 A2d 667, 678 [1996]). Indeed, other states to address the issue have reached the conclusion we reach today, emphasizing the fundamental differences between the two types of actions and noting the complications that could result from the rigid application of res judicata principles (*see Delahunty v Massachusetts Mut. Life Ins. Co.*, 236 Conn 582, 590-594, 674 A2d 1290, 1295-1296 [1996]; *Henriksen v Cameron*, 622 A2d 1135, 1141-1142 [Me 1993]; *Heacock v Heacock*, 402 Mass 21, 23-24, 520 NE2d 151, 153 [1988]).

Here, although the personal injury claim could have been litigated with the matrimonial action—as the facts arose from the same transaction or series of events—it was not, as all of Chen's fault allegations, save one, were withdrawn by stipulation for the salutary purpose of expediting the matrimonial action. She is therefore not precluded from litigating that claim in a separate action.

Parties are free, of course, to join their interspousal tort claims with the matrimonial action (*see* CPLR 601 [a]) and the trial court retains discretion to sever the claims in the interest of convenience, if necessary (*see* CPLR 603). If a separate interspousal tort action is contemplated, however, or has been commenced, the better practice would be to include a reservation of rights in the judgment of divorce. Finally, if fault allegations are actually litigated in a matrimonial action, res judicata or some

form of issue preclusion would bar a subsequent action in tort based on the same allegations.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.