In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the *896 Supreme Court, Queens County (Raffaele, J.), dated September 23, 2011, as denied that branch of her motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel.
Ordered that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1985. In September 2008, the plaintiff husband commenced a divorce action against the defendant wife pursuant to Domestic Relations Law § 170 (2), alleging constructive abandonment. Following the close of the plaintiffs case at a nonjury trial, the Supreme Court granted the defendant’s motion to dismiss the complaint for failure of the plaintiff husband to make out a prima facie case. On appeal from the ensuing judgment in the defendant’s favor, this Court affirmed (see Dayanoff v Dayanoff, 79 AD3d 1092 [2010]). Thereafter, in 2011, the plaintiff commenced the instant divorce action pursuant to New York’s no-fault divorce statute, Domestic Relations Law § 170 (7), which became effective in 2010. The defendant wife moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that since the 2008 divorce action had been dismissed, this action was barred by the doctrines of res judicata and collateral estoppel (see CPLR 3211 [a] [5]). The Supreme Court denied the motion. The defendant appeals, and we affirm the order insofar as appealed from.
Typically, res judicata, or claim preclusion, requires that “ ‘once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy’ ” (Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). “In the context of a matrimonial action, [the Court of Appeals] has recognized that a final judgment of divorce settles the parties’ rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated” (Xiao Yang Chen v Fischer, 6 NY3d at 100). Similarly, “[c]ollateral estoppel, or issue preclusion, ‘precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same’ ” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). “The doctrine [of collateral estoppel] applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue *897 in the earlier action” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349).
The doctrine of res judicata does not bar this action, as the final judgment in the 2008 divorce action did not settle the parties’ rights pertaining to the claims contained in this action (see Xiao Yang Chen v Fischer, 6 NY3d at 98), as New York’s no-fault divorce statute had not yet been enacted in 2008. Similarly, as to the doctrine of collateral estoppel, the issue of no-fault divorce was not litigated in the prior divorce action, nor could it have been, again, as that cause of action for pursuing a divorce was not recognized under the law in 2008. Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).
In light of our determination, the defendant’s remaining contentions have been rendered academic. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.