Matter of Anonymous v New York State Justice Ctr. for the Protection of People With Special Needs (2019 NY Slip Op 05364)





Matter of Anonymous v New York State Justice Ctr. for the Protection of People With Special Needs


2019 NY Slip Op 05364


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527321

[*1]In the Matter of ANONYMOUS, Petitioner,
v
NEW YORK STATE JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIAL NEEDS, Respondent.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Lippes Mathias Wexler Friedman, LLP, Albany (Erin N. Parker of counsel), for petitioner.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's request to amend and seal a report of abuse.
Petitioner was employed by the Office of Mental Health (hereinafter OMH) as a security hospital treatment assistant at Mid-Hudson Psychiatric Center. On December 3, 2014, respondent received a report that petitioner had physically abused a service recipient under his care earlier that day. An investigation ensued and, on August 20, 2015, respondent issued a "Report of Substantiated Finding" that petitioner "committed physical abuse when [he] pushed a service recipient, causing her to fall to the ground, hit her, and/or kicked her." The allegation was substantiated as category two physical abuse pursuant to Social Services Law § 493 (4) (b). By definition, "physical abuse" includes physical contact such as hitting, kicking or shoving (see Social Services Law § 488 [1] [a]). On August 28, 2015, OMH issued a notice of discipline (hereinafter NOD) charging petitioner with misconduct and/or incompetency for his actions on December 3, 2014, alleging that he struck and kicked a service recipient. This conduct was also described as category three physical abuse pursuant to Social Services Law § 493 (4) (c). Pursuant to the collective bargaining agreement between petitioner and OMH, a disciplinary hearing was held before an arbitrator in October 2015, during which videos of the incident were shown. After the hearing, the arbitrator found that OMH failed to establish that petitioner "either kicked or punched" the service recipient and concluded that the patient "was the sole aggressor during the December 3, 2014 incident."
In the meantime, after respondent denied petitioner's request to amend the August 2015 report to "unfounded and/or unsubstantiated" (see Social Services Law § 494 [1] [a]), the matter was referred for a hearing before an Administrative Law Judge (hereinafter ALJ). Following a hearing in August 2017, during which an investigator for respondent and petitioner each testified and the same videos were shown, the ALJ issued a recommended decision finding that [*2]respondent had met its burden of establishing by a preponderance of the evidence that petitioner committed the alleged physical abuse. Specifically, the ALJ found that petitioner pushed the service recipient, causing her to fall to the floor, and then he kicked her. Respondent adopted the recommended decision of the ALJ and denied petitioner's request to amend the substantiated report. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination, contending that the ALJ erred in failing to apply the doctrines of res judicata and collateral estoppel to the arbitrator's determination and also that respondent's determination was not supported by substantial evidence [FN1]. Supreme Court transferred the matter to this Court (see CPLR 7804 [g]).
The parties concur that the doctrines of res judicata and collateral estoppel apply to arbitration awards and preclude subsequent litigation of a claim or issue decided in a prior arbitration against a party or those in privity (see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d 113, 116 [2018]; Hagopian v Karabatsos, 157 AD3d 1020, 1022 [2018]). Notably, respondent acknowledges in its brief that "[these] doctrines may well preclude [its] finding in connection with the scuffle that occurred after [the service recipient] fell." This acknowledgment shows that there is no real dispute that respondent, which investigated the underlying incident and whose counsel represented OMH in the arbitration, was in privity with OMH and had a full opportunity to participate (see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d at 117-120). The dispute centers on whether there was an identical claim or issue decided in the arbitration decisive of the administrative proceeding before the ALJ. Petitioner maintains that the arbitrator addressed whether his conduct throughout the underlying incident amounted to physical abuse, while respondent contends that the arbitrator only resolved whether petitioner struck and/or kicked the service recipient after she fell on the floor, but not whether he pushed her to the floor in the first instance. In other words, respondent maintains that, since the NOD did not specify that petitioner pushed the service recipient, the arbitrator never decided that aspect of the underlying incident, leaving it open for resolution at the hearing before the ALJ. We find respondent's factual parsing of the incident unavailing and conclude that the doctrines of res judicata and collateral estoppel precluded the ALJ from deciding again whether petitioner's conduct amounted to physical abuse.
The underlying purpose of the doctrines of res judicata and collateral estoppel is to "prevent[] repetitious litigation of disputes which are essentially the same" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666 [1990]; see Xiao Yang Chen v Fisher, 6 NY3d 94, 100 [2005]). We find it significant here that respondent issued its "Report of Substantiated Finding" — which included findings that petitioner pushed, hit and/or kicked the service recipient — a week before OMH issued the NOD, which document referenced the case number from respondent's report. There is no transcript of the arbitration, but certainly counsel for respondent, who represented OMH, was privy to the report. Both the report and the NOD specified that petitioner's conduct amounted to "physical abuse" pursuant to Social Services Law § 493 (4) (b), i.e., the claim was the same in the arbitration and in the administrative proceeding before the ALJ. The underlying incident lasted less than a minute, and the video depicting the event from several angles was shown in both the arbitration and the administrative hearing. Explaining the background, the arbitrator observed that petitioner "had an encounter with [the service recipient] after she fell on the floor by the counter." He then concluded that the service recipient "was the sole aggressor during the December 3, 2014 incident."
The fundamental point here is that the arbitrator reviewed the underlying event and determined that the service recipient fell to the floor and was the sole aggressor. As such, we conclude that respondent was precluded under principles of res judicata and collateral estoppel from relitigating the question of whether petitioner physically abused the service recipient by pushing her to the floor. It follows that his petition to annul respondent's determination should be granted and the determination annulled. The matter must be remitted to respondent for amendment of the findings to state that the report is unsubstantiated and for compliance with the requirements of Social Services Law § 494. Having so concluded, the remaining arguments have been rendered academic.
Garry, P.J., Clark, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: During petitioner's direct testimony in the 2017 administrative hearing before the ALJ, he offered the NOD and the arbitration decision into evidence for res judicata and/or collateral estoppel purposes. The ALJ allowed the submission, but declined to apply either doctrine. The ALJ also authorized the parties to submit posthearing memoranda on the preclusion issue, but then declined to consider the issue. That said, respondent makes no argument that petitioner failed to preserve the issue for judicial review.