**Brunswick Records Corp. v Lastrada Entertainment Co. Ltd.**

2025 NY Slip Op 30512(U)

February 13, 2025

Supreme Court, New York County

Docket Number: Index No. 150489/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

---------------------------------------------------------------------X

BRUNSWICK RECORDS CORP., EXUMA MUSIC PUBLISHING, LLC

                Plaintiff,

- v -

LASTRADA ENTERTAINMENT CO. LTD. D/B/A LASTRADA MUSIC, STEPHEN MOELIS,

                Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150489/2024 |
| MOTION DATE | 03/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 25

were read on this motion to/for            DISMISSAL         .

Upon the foregoing documents, and after a final submission date of November 19, 2024, Defendants Lastrada Entertainment Co. Ltd. d/b/a Lastrada Music and Stephen Moelis' (collectively "Defendants") motion to dismiss Plaintiffs Brunswick Records Corp. and Exuma Music Publishing, LLC's (collectively "Plaintiffs") Complaint, and seeking sanctions against Plaintiffs, is granted in part and denied in part.

This action, which is based on a dispute over copyright ownership of a composition called "Vinzerelli's Bounce" (the "Composition") is related to a predecessor action in the Southern District of New York captioned *Brunswick Records Corp. v. Lastrada Entertainment Co. Ltd.*, Case No. 23-cv-0100 (the "Prior Action"). In the Prior Action, which alleged copyright infringement, United States District Judge Lewis A. Kaplan dismissed Plaintiffs' Complaint for failure to state a claim (*see Brunswick Records Corp. v Lastrada Entertainment Co. Ltd.*, 2023 WL 3010967 [SDNY 2023]). Judge Kaplan ruled that Plaintiffs failed to allege copyright infringement because Plaintiffs made no allegations regarding "copying" of the copyrighted work,

**150489/2024   BRUNSWICK RECORDS CORP. ET AL vs. LASTRADA ENTERTAINMENT CO. LTD.**
**D/B/A LASTRADA MUSIC ET AL**
**Motion No. 001**

         **Page 1 of 4**

1 of 4

and instead alleged that Defendants falsely represented that they were the owners of the copyrighted work. Although Judge Kaplan provided Plaintiffs an opportunity to amend the Complaint prior to issuing his decision, Plaintiffs represented "there are no additional facts that Plaintiff will allege in any amended pleading." Judge Kaplan awarded Defendants legal fees of $22,040.00 because Plaintiffs' "position in the lawsuit was close to being frivolous" (*see Brunswick Records Corp. v Lastrada Entertainment Co. Ltd.*, 2023 WL 8703705 at \*3 [SDNY 2023]).

After the Prior Action concluded, Plaintiffs filed this action seeking declaratory judgment that Plaintiffs are the owners of the copyright of the Composition. Plaintiffs allege that Defendants have tortiously interfered with Plaintiffs' copyright by making false representations to third parties and seek damages. Defendants have responded with a pre-answer motion to dismiss, arguing this action should be dismissed pursuant to *res judicata*, the statute of limitations, and failure to state claim. Defendants also seek sanctions.

This Court agrees that Plaintiffs' Complaint is barred pursuant to *res judicata* and the Complaint is dismissed. As held by the Court of Appeals, a valid final judgment bars future actions between the same parties once a claim is brought to a final conclusion, and "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (*see Simmons v Trans Express Inc.*, 37 NY3d 107, 111 [2021] citing *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). This rule exists "to ensure finality, prevent vexatious litigation and promote judicial economy" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100 [2005]). To determine whether two claims arise out of the same transaction or series of transactions, the Court must determine whether they "'are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit

**150489/2024  BRUNSWICK RECORDS CORP. ET AL vs. LASTRADA ENTERTAINMENT CO. LTD.**          **Page 2 of 4**
**D/B/A LASTRADA MUSIC ET AL**
**Motion No.  001**

[\* 2]                                                                 2 of 4

conforms to the parties' expectations or business understanding or usage" (*Xiao, supra* at 100-101 quoting Restatement [Second] of Judgments §24[2]).

The Complaints in this action and the Prior Action are nearly identical save for the different theories of recovery alleged. This action and the Prior Action clearly arise from the same transaction or series of transactions as they both deal with the ownership dispute over the copyright to the Composition. They are nearly identical in time, space, origin, and motivation, and these claims should have been included in the Complaint in the Prior Action. Although Judge Kaplan provided Plaintiffs with an opportunity to allege tortious interference and seek declaratory relief as to who owns the copyright in the Prior Action, Plaintiffs explicitly waived this opportunity.

The sole authority Plaintiffs rely on to avoid application of *res judicata*, which is a rarely cited trial court decision from 1985, is neither controlling on this Court nor persuasive, especially in lieu of numerous other more recent and binding decisions which compel this Court to dismiss Plaintiffs' Complaint (*see, e.g. 214 Lafayette House LLC v Akasa Holdings LLC*, 227 AD3d 75, 79 [1st Dept 2024]; *Gulf LNG Energy, LLC v Eni S.p.A.*, 232 AD3d 183, 193-194 [1st Dept 2024]; *Platon v Linden-Marshall Contracting, Inc.*, 176 AD3d 409 [1st Dept 2019]; *see also Paramount Pictures Corp. v Allianz Risk Transfer AG*, 141 AD3d 464, 467-468 [1st Dept 2016]). Because the Complaint is dismissed on *res judicata* grounds, the Court need not reach Defendants' statute of limitations or CPLR 3211(a)(7) arguments.

In an exercise of its discretion, the Court declines to issue sanctions against Plaintiffs. The instant litigation was not protracted or lengthy and was disposed of on a simple motion to dismiss. However, Plaintiffs are warned that should they engage in repeat litigation over their now twice dismissed claims, the Court may issue sanctions in subsequent litigation.

**150489/2024  BRUNSWICK RECORDS CORP. ET AL vs. LASTRADA ENTERTAINMENT CO. LTD.**          **Page 3 of 4**
**D/B/A LASTRADA MUSIC ET AL**
**Motion No. 001**

[* 3]                                                                          3 of 4

Accordingly, it is hereby,

ORDERED that Defendants Lastrada Entertainment Co. Ltd. d/b/a Lastrada Music and Stephen Moelis' motion to dismiss Plaintiffs Brunswick Records Corp. and Exuma Music Publishing, LLC's Complaint, and seeking sanctions against Plaintiffs, is granted in part and denied in part; and it is further

ORDERED that Defendants Lastrada Entertainment Co. Ltd. d/b/a Lastrada Music and Stephen Moelis' motion to dismiss Plaintiffs Brunswick Records Corp. and Exuma Music Publishing, LLC's Complaint is granted, and Plaintiffs' Complaint is hereby dismissed; and it is further

ORDERED that Defendants Lastrada Entertainment Co. Ltd. d/b/a Lastrada Music and Stephen Moelis' motion seeking sanctions against Plaintiffs is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| __2/13/2025__ | | | | | _M., V Bo.. JSC_ | |
| DATE | | | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150489/2024  BRUNSWICK RECORDS CORP. ET AL vs. LASTRADA ENTERTAINMENT CO. LTD.         Page 4 of 4
D/B/A LASTRADA MUSIC ET AL
Motion No.  001

4 of 4