23-7336-cv
*Morgan v. Hartman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of February, two thousand twenty-five.

PRESENT:
> **AMALYA L. KEARSE,**
> **DENNY CHIN,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges.*

_____

Michael M. Morgan,

> *Plaintiff-Appellant,*

> v.                                                              **23-7336-cv**

Scott Hartman, Mario Monello, Vincent Puma, NPM Management, LLC, Flex Employee Services LLC,

> *Defendants-Appellees.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:   Michael M. Morgan, *pro se*, Port Washington, N.Y.

FOR DEFENDANTS-APPELLEES:  Layne A. Feldman (Anthony D'Artiglio, *on the brief*), Ansell Grimm & Aaron, P.C., Woodland Park, N.J.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rearden, J.; Cott, Mag. J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Michael M. Morgan, a physical therapist, was the sole owner and operator of St. Mark's World, Inc. ("SMW"), a company that provided temporary rehabilitation therapists for healthcare facilities. Morgan negotiated with defendant Scott Hartman to sell SMW to a company called Flex Employee Services LCC ("Flex"), which was owned by Hartman and by defendants Mario Monello and Vincent Puma. Morgan agreed with Hartman to sell an eighty percent share of SMW to Flex. The parties entered into a stock purchase agreement, shareholder agreement, and services agreement as part of the deal.

Four separate actions have been brought in state court related to the sale, including a suit Morgan filed against the defendants and a countersuit the

defendants filed against him.[1] A stipulation of settlement resolved many of the issues in two of the cases, and the parties agreed to arbitrate the issues they could not resolve. An arbitrator issued a final arbitration award that was confirmed and entered as a judgment by the New York State Supreme Court.

Shortly after the arbitrator ruled, Morgan filed this federal lawsuit. In his second amended complaint, Morgan alleged that the defendants defrauded him during negotiations and in the operation of SMW following the sale and that the defendants breached their contract obligations under the purchase and shareholder agreements. The defendants moved to dismiss, arguing—among other things—that the federal action was barred by the doctrine of res judicata. A magistrate judge recommended granting that motion, and the district court overruled Morgan's objections and dismissed the federal complaint as barred by the claim-preclusive effect of the prior final arbitration award. *See Morgan v. Monello*, No. 22-CV-3367, 2023 WL 6389077 (S.D.N.Y. Oct. 2, 2023). Morgan

---

[1] *See Morgan v. St. Mark's World Acquisition LLC*, No. 615769/2018 (N.Y. Sup. Ct. 2018); *St. Mark's World Acquisition, LLC v. Morgan*, No. 655925/2018 (N.Y. Sup. Ct. 2018); *Morgan v. St. Mark's World Acquisition LLC*, No. 653179/2020 (N.Y. Sup. Ct. 2020); *Morgan v. St. Mark's World Acquisition LLC*, No. 651186/2021 (N.Y. Sup. Ct. 2021).

appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

# I

We review de novo a dismissal of a complaint based on res judicata. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). On a motion to dismiss based on res judicata, a court may consider "the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *Id.* A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but to establish the fact of the litigation and related filings. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

Res judicata bars an action if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "New York's transactional approach to res judicata bars a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar

4

or additional relief." *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) (internal quotation marks omitted). However, if a claim accrued after the complaint in the first lawsuit was filed, then res judicata does not bar it. *See TechnoMarine*, 758 F.3d at 500.

## II

Morgan does not dispute that the confirmed arbitration award was a final judgment on the merits for res judicata purposes or that the parties here are the same as the parties to the arbitration. Rather, he argues that his new claims do not arise from the same "factual grouping" as his previous claims because he could not have brought the new claims previously. To determine whether a claim could have been raised in the prior litigation, New York courts look to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Beijing Neu Cloud Oriental Sys. Tech. Co. v. IBM Corp.*, 110 F.4th 106, 114 (2d Cir. 2024) (quoting *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100-01 (2005)).

Under those principles, Morgan's new claims arise from the same "factual grouping" as the previously litigated claims and are thus barred by res judicata.

5

Morgan argues that his claims in the federal action relate to fraud before, during, and after the sale that were not resolved by the final arbitration award. But the claims arise out of the sale of SMW to the defendants and actions after the sale related to the terms of the sale agreements. The addition of new legal theories does not undermine the conclusion that the facts underlying the new claims relate to the facts underlying the claims that were resolved with the final arbitration award. *See id.* "[E]ven if there are variations in the facts alleged, or different relief is sought, the separately stated causes of action may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought. This holds true even when several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192 (1981) (internal quotation marks omitted). Because the claims asserted in this action arise from the same factual grouping as the previously litigated claims, the district court was correct that the action is barred by the doctrine of res judicata.

*     *     *

We have considered Morgan's remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court