Hay v. Bolonik

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
> *Circuit Judges,*
> LEWIS J. LIMAN,
> *District Judge.*[*]

———————————————————————

Bruce Hay,

> *Plaintiff-Appellant,*

> v.                                                      24-2413

Kera Bolonik,

> *Defendant-Appellee.*

———————————————————————

---

[*] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    Bruce Hay, *pro se*, Brookline, MA

FOR DEFENDANT-APPELLEE:    Emily Alexandra Poler, Poler Legal LLC, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Bruce Hay, a law professor representing himself, sued Defendant-Appellee Kera Bolonik in 2020, alleging breach of contract and related claims arising from articles Bolonik wrote about Hay in *New York Magazine* in 2019. Hay alleged that Bolonik "made certain promises of professionalism in exchange for his willingness to come forward with [a] story" about his relationship with a couple—Maria-Pia Shuman and Mischa Shuman—and "Bolonik allegedly breached those promises" by failing to adhere to professional journalistic principles in the articles she produced. *Hay v. New York Media LLC*, No. 21-1727, 2022 WL 710902, at *2 (2d Cir. Mar. 10, 2022). The district court

2

dismissed the complaint for failure to state a claim, and this court affirmed. *See id.* Hay then commenced this lawsuit in 2023, alleging that Bolonik breached oral agreements to co-author a book about Hay's relationship with the Shumans and to jointly pursue related television and movie deals. The district court dismissed the complaint as barred by res judicata because Hay could and should have included those allegations in his first lawsuit. Hay now appeals. We assume the parties' familiarity with the facts and issues on appeal.

"Our review of a district court's application of *res judicata* is … *de novo.*" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). As an attorney and law professor who is "experienced in litigation and familiar with the procedural setting presented," Hay does not receive "the special solicitude ordinarily afforded to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 100-02 (2d Cir. 2010). "[A] lawyer representing himself ordinarily receives no such solicitude at all." *Id.* at 102.

New York law applies in this case in which the district court exercised diversity jurisdiction. Under that law, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d

3

190, 195 (2d Cir. 2010) (alterations omitted) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)). "If a valid and final judgment has been entered on the merits of a case, 'the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Id.* at 196 (quoting Restatement (Second) of Judgments § 24(1) (1982)); *see also Beijing Neu Cloud Oriental Sys. Tech. Co. v. IBM Corp.*, 110 F.4th 106, 114 (2d Cir. 2024) ("Under New York preclusion law, 'a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter.'") (quoting *In re Hunter*, 4 N.Y.3d 260, 269 (2005)). "In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (internal quotation marks and citation omitted). This rule "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *Hunter*, 4 N.Y.3d at 269.

The district court did not err in concluding that Hay could have brought his current claims in the first case. As the district court observed, the facts underlying Hay's claims occurred largely in 2019. *See* Compl. ¶ 23 (alleging that the parties "settled upon the terms of their agreement" in "early 2019"); *id.* ¶ 32 (alleging that Bolonik wrote and circulated her book proposal in August 2019 and sold the book in September 2019); *id.* ¶ 35 (alleging that Hay "realized [Bolonik] had developed a terrifying, violent, obsessive antipathy" toward the Shumans by the "fall of 2019"); *id.* ¶ 39 (alleging that Bolonik "breached the agreement" in the "summer of 2019"); *id.* ¶ 41 (alleging that Bolonik told Hay in October 2019 that the Shumans' lawyer was attempting to stop publication of the book). Hay filed his first lawsuit in August 2020.

Hay's primary contention on appeal is that res judicata does not bar his second lawsuit because the claims in the two lawsuits arose from different alleged contracts: the first contract addressed the 2019 articles and the second contract addressed book and television deals. For that reason, he argues, the claims would not have formed a "convenient trial unit." We disagree.

Whether the claims in different actions form a "convenient trial unit" is only one factor among others that a court will consider when applying res

5

judicata. *See, e.g.*, *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) ("In assessing whether claims arise out of the same transaction or series of transactions, New York courts analyze whether the claims turn on facts that are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.") (internal quotation marks omitted); *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100-01 (2005); *see also EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397 (2d Cir. 1997) ("Under New York law, a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not.").

In support of his argument about the "convenient trial unit," Hay relies on *Chen v. Fischer*. In that case, the plaintiff and the defendant had been married, and during their divorce proceeding the wife (Chen) alleged that her husband (Fischer) had committed acts of spousal abuse. *See* 6 N.Y.3d at 98-99. That claim was withdrawn before the divorce was complete. *See id.* at 99. Chen then sued Fischer for assault, and Fischer raised res judicata as an affirmative defense on

6

the ground that the assault claim could have been addressed in the divorce proceeding. *See id.*

The New York Court of Appeals concluded that res judicata did not bar the second suit because "personal injury tort actions and divorce actions do not constitute a convenient trial unit." *Id.* at 101. The court explained that tort and family actions "seek different types of relief and require different types of proof," that personal injury actions are usually resolved by jury trial and divorce actions by bench trial, and that personal injury attorneys generally work for contingency fees while divorce attorneys are prohibited from doing so. *Id.* As a policy matter, requiring joinder of interspousal tort claims in a marital proceeding "would complicate and prolong the divorce proceeding" and would delay resolution of important matters such as child support and custody. *Id.*

Although Hay is correct that *Chen* decided that res judicata did not bar the second suit because the two cases did not form a "convenient trial unit," the reasons that led to that result—the different types of relief and proof, the different forms of trial and fee structures, and the relevant policy considerations—do not apply in this case. Hay's two lawsuits arose out of the same series of transactions. The facts underlying the actions significantly

overlapped, and the types of relief, proof, trial, and fee structures were the same. We conclude that the district court correctly decided that res judicata barred the second lawsuit.

We have considered Hay's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court