Pomeranz v Shor (2026 NY Slip Op 01239)

Pomeranz v Shor

2026 NY Slip Op 01239

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-10851
 (Index No. 602705/23)

[*1]Jennifer Pomeranz, appellant, 
vCynthia Jean Shor, respondent.

Jennifer Pomeranz, New York, NY, appellant pro se.
Michael Sepe, LLC, Rockville Centre, NY (Beth Ann Schultz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for conversion and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered June 18, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and Jeremy Shor (hereinafter Jeremy) were married in 2015. In September 2020, Jeremy commenced an action against the plaintiff for a divorce and ancillary relief (hereinafter the underlying matrimonial action). The defendant, Cynthia Jean Shor, is Jeremy's mother, and the plaintiff's former mother-in-law. In February 2023, the plaintiff commenced the instant action against the defendant to recover damages for conversion and unjust enrichment. The plaintiff alleged in the complaint that prior to the commencement of the underlying matrimonial action, the defendant opened a bank account at the People's Bank in February 2020 for the benefit of Jeremy, and $205,000 was deposited into that account from Jeremy's former employer. The plaintiff further alleged that through a "series of checks, direct purchases, and ATM withdrawals," money was withdrawn from the account "so that by April 5, 2021, there was a $1.69 balance" left in the account.
In May 2023, the plaintiff and Jeremy entered into a stipulation of settlement resolving the underlying matrimonial action. A judgment of divorce was issued on November 8, 2023.
In February 2024, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint in the instant action on the ground, among other things, that this action was barred by the doctrine of res judicata. In an order entered June 18, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been [*2]raised in the prior proceeding'" (Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628, quoting Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946), "even if based upon different theories or if seeking a different remedy" (Kleinman v Weisman Law Group, P.C., 176 AD3d 1046, 1047). "'The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims'" (Bayer v City of New York, 115 AD3d 897, 898 [internal quotation marks omitted], quoting Pondview Corp. v Blatt, 95 AD3d 980, 980). "In the context of a matrimonial action, [the Court of Appeals] has recognized that a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100; see Dayanoff v Dayanoff, 96 AD3d 895, 896). "The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy" (Xiao Yang Chen v Fischer, 6 NY3d at 100; see Spencer v Spencer, 159 AD3d 174, 181).
"One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously 'brought to a final conclusion'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). The Court of Appeals has observed that privity is an "amorphous concept," not easily applied (Buechel v Bain, 97 NY2d 295, 304 [internal quotation marks omitted]). To establish privity with respect to res judicata, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (Green v Santa Fe Indus., 70 NY2d 244, 253; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). Although relationship alone is not sufficient to support preclusion, "[privity] includes those who are successors to a property interest, those who control an action although not formal parties to it, [and] those whose interests are represented by a party to the action" (Watts v Swiss Bank Corp., 27 NY2d 270, 277). The party asserting the conclusive effect of a prior judgment has the burden to establish it (see id. at 275; see also Bravo v Atlas Capital Group, LLC, 196 AD3d at 628-629).
Here, the defendant demonstrated that the judgment in the underlying matrimonial action was dispositive in this action against her by virtue of her privity with Jeremy in the underlying matrimonial action. At his deposition in the underlying matrimonial action, Jeremy testified that he had control over the funds in the account despite the fact that the account was in the defendant's name. Moreover, Jeremy also testified that he arranged for his former employer to deposit the funds into the account because he wanted to "legally protect the assets" for his family's use. Accordingly, the defendant's interests in the account and the funds deposited and withdrawn from the account were sufficiently represented in the underlying matrimonial action.
The defendant further demonstrated that the issue of whether the plaintiff was entitled to any of the funds deposited and withdrawn from the account could have been decided in the underlying matrimonial action. While the instant action encompasses causes of action sounding in the torts of conversion and unjust enrichment, the plaintiff's entire claim to the funds at issue is based on her allegation that the funds constituted marital property. "Marital property" includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]). Further, the plaintiff became aware of the account and the deposits and withdrawals of funds into and out of the account during the underlying matrimonial action and prior to entering into the stipulation of settlement, as she received copies of the relevant statements for the account during discovery. Then, after commencing the instant action and before serving the defendant with process in the instant action, the plaintiff and Jeremy entered into a stipulation of settlement in the underlying matrimonial action, which specifically mentioned the account. Finally, in an affidavit requesting entry of the judgment of divorce, the plaintiff indicated that she was not seeking equitable distribution except as set forth in the stipulation of settlement.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as barred by the doctrine of res judicata.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court